## NATHAN v. LEHMAN, ABRAHAM & Co.

1. ADMINISTRATION: *Money advanced to administrator, how allowed.* ·
   Money advanced by a creditor to an administrator, to improve real estate of his intestate, and protect it against an attachment suit, should be allowed, if at all, as expenses of administration.

2. CHANCERY JURISDICTION: *To correct errors of Probate Court.*
   Chancery has no jurisdiction to vacate allowances in the Probate Court, which are merely erroneous and not obtained by fraud.

APPEAL from *Jefferson* Circuit Court in Chancery.

Hon. X. J. PINDALL, Circuit Judge.

*Martin & Taylor*, for appellant.

*Martin & Martin*, for Lehman, Abraham & Co.:

1. Probate judgments are conclusive, unless for fraud in obtaining them, and until appeal taken. *5 Ark., 305; ib., 705; 12 ib., 95; 14 ib., 244; 4 Otto, 476.*

2. The fourth judgment was upon an obligation contracted by the administrator, as a part of the necessary expenses of administration, and a valid claim against the estate. (*Turner v. Tapscott, 30 Ark., 318.*) But if improperly allowed, it was a mere error, which could only be corrected by appeal.

ENGLISH, C. J. The bill in this case was filed in the Circuit Court of Jefferson County, by Hanche Nathan against Henry Nathan, as administrator of the estate of Henry Lyons, deceased, and Lehman, Abraham & Co., creditors of the estate. The substance of the bill was that complainant was the sister and only heir of Henry Lyons, deceased, and entitled to his estate after payment of his

debts. That he left a valuable lot and storehouse in Pine Bluff, the rents of which were sufficient to pay his just debts; that Lehman, Abraham & Co. had fraudulently obtained excessive and illegal allowances in the Probate Court against the estate; that the administrator had misappropriated and wasted the rents, and Lehman, Abraham & Co. were about to obtain an order of the Probate Court to sell the real estate of deceased to pay their claims.

The administrator, who was the husband of complainant, did not answer the bill. Lehman, Abraham & Co. answered, denying the allegations of fraud, etc.

On the hearing, complainant produced no evidence. Lehman, Abraham & Co. read depositions, conducing to prove that their claims against the estate of Lyons were just, and to disprove the alleged fraud in obtaining the allowance of them in the Probate Court.

The court dismissed the bill, as to Lehman, Abraham & Co., but offered complainant the privilege of further prosecuting the suit against her husband, as administrator, for waste, which she declined; the bill was thereupon dismissed, and she appealed.

One of the claims of Lehman, Abraham & Co., being for moneys advanced to the administrator to improve the real estate, and protect it against an attachment suit, was improperly allowed and classed, in the fifth class, against the estate. It should have been allowed, if at all, as expenses of administration. (*Yarborough v. Ward*, *34 Ark.*, *204*; *Turner v. Tapscott*, *30 Ark.*, *312*.) But there was a failure to show any fraud in the matter, and hence, no ground to open the allowance in chancery. A mere error in the judgment of the Probate Court might have been reviewed and corrected on appeal, etc.

Affirmed.